## JOSEPH F. HUGHES & CO., INC. *v.* PIONEER FIREPROOF DOOR CORPORATION

[No. 61, September Term, 1962.]

*Decided November 9, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-SON, PRESCOTT, MARBURY and SYBERT, JJ.

*William B. Kempton* for appellant.

*Melvin J. Sykes,* with whom was *Philip Heller Sachs* on the brief, for appellee.

PER CURIAM.

In the first of the two appeals involved here, the defendant-appellant questions the validity of a judgment rendered against it in favor of the plaintiff-appellee in a suit to recover the agreed price for five metal fire doors furnished by appellee as subcontractor for appellant, which was the general contractor in the construction of a high school. The dispute turned on whether under the contract between the parties, the appellant or the appellee was required to supply the hardware, such as locks, hinges, etc., for the doors delivered by appellee without such accessories. Claiming breach of contract on the part of the appellee, the appellant filed a counterclaim to recover costs and expenses of installing substitute doors and accessories. The second appeal is from a judgment entered for appellee on the counterclaim.

There was a provision in the subcontract between the parties that the job was to be done in accordance with the specifications of the general contract, which provided that subcontractors would be responsible for hardware except as provided to the contrary in any subcontract. Although the subcontract specifically excluded the supplying and installation of hardware, appellant contended it was somewhat ambiguous as to fire doors. In order to clear up any ambiguity which may have existed, the trial court admitted, over appellant's objections, a letter from appellee to appellant and two letters between appellee and one of its agents, which made it clear that appellee had no intention of

supplying the hardware and that the intention was understood by the appellant. These letters corroborated the testimony of appellee's agent that he had explicitly told appellant's president, prior to execution of the subcontract, that appellee's bid did not include hardware.

The plain wording of the subcontract makes it apparent that appellee was not required to supply the hardware. Even if there had been ambiguity, it would have to be resolved against the appellant as drafter of the subcontract. *U. S. F. & G. v. Nat. Pav. Co.,* 228 Md. 40, 50. With respect to the letters, even if we assume, without deciding, that they were inadmissible, the information contained therein was established by other competent evidence and thus the letters were merely cumulative and their admission harmless. *Eisenberg, Admin. v. Air Cond., Inc.,* 225 Md. 324, 339.

Finding no prejudicial error below, we will affirm both judgments.

*Both judgments affirmed; appellant to pay the costs.*